ANDREWS, Presiding Judge,
dissenting.
Because there doesn’t appear to be an ambiguity in AFIC’s policy except for the one fashioned by the majority opinion, I respectfully dissent.
*806 I agree with the general proposition cited by the majority, i.e., where an insurance policy term is susceptible to two reasonable constructions and any resulting ambiguity cannot be resolved, the term is to be strictly construed against the insurer as drafter of the policy. Wade v. Allstate Fire and Cas. Co., 324 Ga. App. 491, 492-493 (751 SE2d 153) (2013). But I think the only reasonable construction of AFIC’s policy here is that anyone claiming coverage under the policy must give timely notice of the loss, so as to afford AFIC a meaningful opportunity to investigate the claim.
The pertinent provisions in AFIC’s policy declare:
IF YOU HAVE AN ACCIDENT OR LOSS
If we are prejudiced by a failure to comply with the following duties, then we have no duty to provide coverage under this policy. A. Notify Us Tell us promptly. Give time, place, and details. Include names and addresses of injured persons and witnesses. B. Other Duties Each person claiming any coverage of this policy must also: a. cooperate with us and assist us in any matter concerning a claim or suit.
Even the majority opinion finds the “B. Other Duties” section to apply to the appellant in this case, as she is a person claiming coverage under the policy. But being bound by “other duties” presupposes being bound by a first duty or duties, in which case that means the appellant was also obligated to give AFIC prompt notice of loss under the “Notify Us” section of the policy so AFIC could investigate the claim.
The policy section “DEFINITIONS USED THROUGHOUT THIS POLICY,” in which “you and your” is defined as the policyholder and spouse, immediately precedes the actual liability and property damage coverage sections of the policy. The “Definitions” section defines terms that specifically appear throughout “Part I-Liability Coverage,” and “Part II-Car Damage Coverages.” So I take the “Definitions” section as an aid to understanding the coverages set forth in Part I and Part II, and not as a limitation on the general notice of loss requirements.
In short, I do not believe it is a reasonable construction to hold that only the policyholder and/or spouse is obligated to notify the insurer of a claimed loss under the policy. So even if some ambiguity exists here, there is only one reasonable construction: anyone claiming a loss under the policy must promptly notify the insurer so as to afford it a meaningful opportunity to investigate.
In some cases, there may be some wiggle room in determining what constitutes “promptly,” but I think it’s safe to say waiting over *807 23 months to notify the insurer is not prompt. For the above reasons, I would affirm the trial court’s grant of summary judgment for AFIC.
Decided November 20, 2015.
Charles M. Cork III; Perkins Law Firm, Ann-Margaret Perkins, for appellant.
Fain, Major & Brennan, Mitchel S. Evans, for appellee.